UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREEM BLOCKER, | : | Civil No. 14-5635 (FLW) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| N.J.S.P.A.C.S.U. MEDICAL STAFF, et al., | : | |
| Defendants. | : | |

**WOLFSON, District Judge**:

1. Kareem Blocker, a New Jersey sentenced prisoner confined at New Jersey State Prison in New Jersey, submitted to the Clerk for filing a *pro se* Complaint with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Blocker did not prepay the $400 filing and administrative fees for this case.

2. In the Complaint, Blocker claims that on Tuesday, July 8, 2014, he submitted an administrative remedy form asking to be moved to a tier with windows and fans due to his "breathing problems," nosebleeds, the heat, and lack of ventilation on his tier. (ECF No. 1 at 6.) He asserts that he also submitted a medical slip to the nurse, but "nothing happen[ed.]" *Id.* He contends that Defendants are violating state law and his Constitutional rights to medical care, proper ventilation, and fresh air. *Id.* He seeks a lawyer and four million dollars in damages.

3. The *In Forma Pauperis* statute, 28 U.S.C. § 1915, allows "'[a] prisoner seeking to bring a civil action or [to] appeal a judgment in a civil action' to proceed 'without prepayment of fees or security therefor,' if she can demonstrate that she is unable to pay such fees." *Ball v. Famiglio,* 726 F.3d 448, 451-52 (3d Cir. 2013) (quoting 28 U.S.C. § 1915(a)(2)). However, the

statute prohibits a prisoner from bringing a civil action or an appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Where a prisoner has three prior qualifying dismissals under § 1915(g), the prisoner is required to prepay the filing fee before bringing another action or appeal, unless he or she shows "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Thus, "§ 1915(g) does not block a prisoner's access to the federal courts.   It only denies the prisoner the privilege of filing before he has acquired the necessary filing fee."  *Ball*, 726 F.3d at 452 (quoting *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001) (en banc)).

  4. As of the date Blocker signed his affidavit of poverty in this case, he has had three prior civil actions dismissed by this Court, while he was incarcerated, on the grounds that the claims were frivolous, malicious, or failed to state a claim upon which relief may be granted, within the meaning of § 1915(g).  First, *Blocker v. Bellusci,* Civ. No. 10-1216 (JBS), Order dated Nov. 29, 2010, counts as a strike under § 1915(g) because Blocker was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Blocker did not appeal.  Second, *Blocker v. N.S.P. CMS Medical Staff,* Civ. No. 10-1455 (KSH), Order dated Mar. 31, 2011, counts as a strike because Blocker was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Blocker

did not appeal.  Third, *Blocker v. Mr. Sapp,* Civ. No. 10-1631 (PGS), Order dated Nov. 9, 2010, counts as a strike because Blocker was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint for failure to state a claim upon which relief may be granted, and Blocker did not appeal.  Fourth, *Blocker v. Northern State Prison,* Civ. No. 10-2153 (KSH), Order dated Feb. 22, 2011, counts as a strike because Blocker was incarcerated when he was granted permission to proceed *in forma pauperis,* the Court dismissed the complaint for failure to state a claim upon which relief may be granted, and Blocker did not appeal.

5. The facts asserted in the instant Complaint, which are set forth above, do not show that Blocker is in imminent danger of serious physical injury.[1]  *See* 28 U.S.C. § 1915(g); *Ball,* 726 F.3d at 467-70; *Abdul-Akbar*, 239 F.3d at 314-15.

6. Based on the foregoing, this Court will deny Blocker's application to proceed *in forma pauperis*, and will administratively terminate this matter.

7. If Blocker prepays the filing and administrative fee totaling $400 within 30 days of the date of the entry of this Order, then this Court will reopen the case and screen the Complaint for dismissal, as required by 28 U.S.C. § 1915A.

8. An appropriate Order accompanies this Memorandum Opinion.

        s/Freda L Wolfson  
        **FREDA L. WOLFSON, U.S.D.J.**

Dated:   October 6, 2014

---

[1] This Court notes that Blocker does not seek injunctive relief.